J. Todd Tracy, WSBA #17342
Crocker Law Group PLLC
720 Olive Way, Suite 1000
Seattle, WA  98101
206-624-9894 telephone
206-624-8598 facsimile
ttracy@crockerlaw.com

The Honorable Patricia C. Williams
Chapter 11

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

In re

PREMIUM DEVELOPMENTS, LLC,

Debtor.

No.  09-06746-PCW11

DEBTOR'S DISCLOSURE STATEMENT

## I.      INTRODUCTION

On December 4, 2009, Premium Developments, LLC, the debtor-in-possession in

this Chapter 11 case ("Debtor" or "Premium"), filed a voluntary petition pursuant to Chapter

11 of the Bankruptcy Code (the "Code") with the United States Bankruptcy Court for the

Eastern District of Washington at Spokane.  A copy of the filed Plan of Reorganization (the

"Plan") is enclosed along with this Disclosure Statement.  All capitalized terms have the

definitions assigned in the Plan.

The Court will set the last day for filing an acceptance or rejection of or an objection

to the Confirmation of the Plan. You will be notified of said date.

DEBTOR'S DISCLOSURE STATEMENT - 1

CROCKER LAW GROUP PLLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894  F) 206-624-8598

www.crockerlaw.com

The Court will set a date for filing an acceptance of the Plan. As a creditor your vote is important. The Plan can be confirmed by the Court if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in each impaired class of Claims voting on the Plan. In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that it accords fair and equitable treatment to the class or classes rejecting it.

The purpose of this statement is to provide the holders of Claims with adequate information about the Debtor and the Plan to make an informed judgment about the merits of approving the Plan. Please read these materials carefully and return your ballot by the date indicated.

NO REPRESENTATIONS CONCERNING THE PREMIUM DEVELOPMENTS, LLC' BUSINESS OPERATIONS OR VALUATIONS OF PROPERTY ARE AUTHORIZED OR ARE RELIED UPON EXCEPT AS IN THE ACCOMPANYING DISCLOSURE STATEMENT. ANY REPRESENTATION OR INDUCEMENT MADE BY ANYONE TO INFLUENCE YOUR ACCEPTANCE OF THIS PLAN, OTHER THAN THOSE MADE IN THE STATEMENT, SHOULD NOT BE RELIED UPON BY YOU.

The information used in this Statement comes from several sources, including Debtors' records, creditors, public records, and from professionals employed by Debtors or the estate.

THE INFORMATION CONTAINED IN THIS STATEMENT HAS NOT BEEN SUBJECT TO A CERTIFIED AUDIT. THE RECORDS KEPT BY DEBTORS UPON

CROCKER LAW GROUP, LLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894  F) 206-624-8598

www.crockerlaw.com

WHICH A SUBSTANTIAL PORTION OF THIS STATEMENT IS BASED ARE

DEPENDANT UPON ACCOUNTING PERFORMED BY DEBTORS AND OTHERS.

FOR THE FOREGOING REASON, AS WELL AS BECAUSE OF THE COMPLEXITY

OF THE FINANCIAL MATTERS OF DEBTORS, THE WHITES ARE UNABLE TO

WARRANT OR REPRESENT THE INFORMATION CONTAINED HEREIN IS

WITHOUT ANY INACCURACY, ALTHOUGH GREAT EFFORT HAS BEEN MADE

TO BE ACCURATE.

## II.     BACKGROUND

A.     __The History and Organization of the Debtor.__

Premium Developments, LLC was formed in July 2005 for the purpose of purchasing and developing resort recreational real property along the Columbia River, near Entiat, Chelan County, Washington and residential subdivisions in and around the Wenatchee area in both Chelan and Douglas Counties.

Premium Developments purchased several properties and started obtaining governmental permits. Several of the permits were delayed in the various governmental agencies, in some cases through 2008. By the time permits were ready, the market for building lots in the area had began its steady decline. This caused financial distress and cash flow issues from the lack of property sales. In an attempt to restructure the debts, save the properties in anticipation of a change in the real estate market, this chapter 11 case was filed on December 4, 2009.

DEBTOR'S DISCLOSURE STATEMENT - 3

CROCKER LAW GROUP, LLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894  F) 206-624-8598

www.crockerlaw.com

The members of Premium Developments, LLC are Calvin White and his wife, Janae White.

**B.    Events Since Bankruptcy.**

Since the Bankruptcy case, the Debtor has negotiated an agreed order with Douglas County, Washington regarding an eminent domain proceeding pending in the Douglas County Superior Court and Division III of the Washington Court of Appeals.

The Debtor has also negotiated sales of various assets and sought and obtained Court approval of the sales.  Those sales include

- Lot 3 Catalina Crest Division
- Lot 4 Catalina Crest Division
- Lot 7 Catalina Crest Division
- Lot 8 Catalina Crest Division
- Aspen Hills
- Big Rock "sliver" inadvertently excluded from pre-petition sale

The Debtor has also negotiated the abandonment of various properties to McQuaig thus permitting a deed in lieu of foreclosure to be executed.

Relief from stay motions were filed by Banner Bank, Prem Loans, and Washington Trust Bank.  The Debtor did not oppose the motions filed by Banner Bank and Prem Loans. The Debtor did not oppose partial relief to Washington Trust Bank.  The Debtor did oppose a portion of the motion sought by Washington Trust Bank.  That motion was ultimately withdrawn by the moving party.

DEBTOR'S DISCLOSURE STATEMENT - 4

CROCKER LAW GROUP, LLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894   F) 206-624-8598

www.crockerlaw.com

# IV.    THE PLAN

### A.  **Summary**.

The following summary of the Debtor's Plan is intended to provide a context for understanding the remainder of this Disclosure Statement.  The Plan should be read carefully and independently of this Disclosure Statement, and in the event of a discrepancy between the terms of the Disclosure Statement and the terms of the Plan, the Plan terms shall govern.

The Debtor's Plan provides a comprehensive program for paying secured claims, developing certain identified parcels of real property and then selling those building lots to pay exit financing and then distribute unencumbered sale proceeds to the general unsecured creditors in this case.

### B.  **Operations and Governance**.

The Reorganized Debtor intends to continue to operate the business after confirmation under the continued leadership of Mr. Calvin White.  Mr. White will receive no salary for his continued operation of the Reorganized Debtor.

The Reorganized Debtor will be responsible for performance of the Plan and shall disburse funds pursuant to the Plan.  No payments will be made to equity interests on account of their equity interests until all Class 1 through 15and Priority Tax Claims have been paid in full.

DEBTOR'S DISCLOSURE STATEMENT - 5

CROCKER LAW GROUP, PLLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894   F) 206-624-8598

www.crockerlaw.com

## V.    TREATMENT OF CREDITORS UNDER THE PLAN

**A.    <u>Summary</u>.**

The Plan provides that Premium Developments, LLC will pay creditors from the development and subsequent sale of the recreational residential property along the Columbia River.

**B.    <u>Classification of Claims and Interest</u>.**

Claims against the Debtor are classified as follows:

<u>Class 1</u>:        Allowed Non Tax Priority Claims

<u>Class 2</u>:         Claims of Hanson Lewis Co., Inc.

<u>Class 3</u>:        Claims of Prem Loans re Tract 47, 48 and 49

<u>Class 4</u>:        Claims of Prem Loans re Tract 49 and 53 and Parcel B

<u>Class 5</u>:        Claims of Butkovich-Shurtz

<u>Class 6</u>:        Ron Andre

<u>Class 7</u>:        Washington Trust Bank re Broadview Property

<u>Class 8</u>:        Washington Trust Bank re Crystal Beach and Deer Valley #1 Property

<u>Class 9</u>:        Harris Orchards Co., L.P. re Columbia Shores Property and Deer Valley

<u>Class 10</u>:        Roylance Coulee Partnership re Columbia Shores South Property

<u>Class 11</u>:        Joe and Judy Bell re Bell Short Plat Lot 3

<u>Class 12</u>:        GreenTree Financial re Larry Bell House (2nd position lien)

<u>Class 13</u>:        Estate of Larry Bell re Bell Short Plat Lot 4

<u>Class 14</u>:        Wells Fargo re Larry Bell House (1st position lien)

DEBTOR'S DISCLOSURE STATEMENT - 6

CROCKER LAW GROUP PLLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894   F) 206-624-8598

www.crockerlaw.com

Class 15:    Shurtz Holdings, Inc.

Class 16:    Allowed Unsecured Claims

Class 17:    Allowed Interests in the Debtor

**C.    Treatment of Claims and Interest.**

The Bankruptcy Code establishes the priority of distributions to Creditors with respect to assets of the Debtor.  The order of distribution set forth in the Plan (which is described below) meets the requirements of the Bankruptcy Code:

**Administrative Claims.**

Unpaid expenses and fees incurred in the administration of the estate are anticipated to be approximately $50,000 through confirmation and will consist primarily of the professional fees of Debtor's counsel and U.S. Trustee fees.  Professionals cannot be paid until their fees have been approved by the Bankruptcy Court.

**Priority Tax Claims.**

Claims for pre-petition federal, state, and local taxes have the next priority.  The IRS has filed a priority tax claim for $24,293.00 for the 2006 tax years.  The Debtor has filed amended returns for 2006 and years forward and does not believe that there are any priority taxes remaining.

**Class 1: Allowed Non Tax Priority Claims.**

The Debtor is not aware of any non tax priority claims.

CROCKER LAW GROUP PLLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894   F) 206-624-8598

www.crockerlaw.com

**Class 2:  Allowed Secured Claim of Hanson Lewis Co., Inc.**

On the Effective Date, to the extent that relief from stay has not already been granted, the Debtor shall abandon its interest in, and the automatic stay will terminate as to the real property commonly known as Griffith Ranch, Manson, Chelan County, Washington and more specifically identified as Chelan County Parcel Numbers 28229607110, 28229607200, 28229607265, 28229607133, 28229607190, 28229607155, and 28229607135, and the Class 2 Creditor shall be allowed to pursue its state law remedies.  Any deficiency claim shall be treated as a general unsecured claim.

The creditor is impaired under the Plan.

**Class 3:  Allowed Secured Claim of PREM Loans LLP:**

 On the Effective Date, to the extent that relief from stay has not already been granted, the Debtor shall abandon any remaining interest in, and the automatic stay will terminate as to, the real property commonly known as 350 Boyd Rd, Chelan, Chelan County, Washington (Tract 47, 48 and 49 in Highline Division ), and more specifically identified as Chelan County Parcel Numbers 282223606260, 282233606270, and 282233606280, and the Class 3 Creditor shall be allowed to pursue its state law remedies.  Any deficiency claim shall be treated as a general unsecured claim.

The creditor is impaired under the Plan.

**Class 4:  Allowed Secured Claim of PREM Loans LLP:**

On the Effective Date, to the extent that relief from stay has not already been granted, the Debtor shall abandon any remaining interest in, and the automatic stay will terminate as to,

CROCKER LAW GROUP, PLLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894   F) 206-624-8598

www.crockerlaw.com

the real property commonly known as Tract 46 and 53 Highline Division I, and Government Lots 1 and 2, Section 33, Township 28N, Range 22 E.W.M. Chelan County, Washington and more specifically identified as Chelan County Parcel Numbers 282233606250, 282233606290, and 282233606200, and the Class 4 Creditor shall be allowed to pursue its state law remedies. Any deficiency claim shall be treated as a general unsecured claim.

The creditor is impaired under the Plan.

**Class 5:  Allowed Secured Claim of Banner Bank:**

Banner Bank foreclosed on its collateral commonly known as Catalina Crest Lot 1, Catalina Crest Lot 16 and Catalina Crest Lot 17, Douglas County, Washington and more specifically identified as Douglas County Parcel Numbers 47400000100, 47400001600 and 47400001700 respectfully.  Any deficiency claim shall be treated as a general unsecured claim.

The creditor is impaired under the Plan.

**Class 6:  Allowed Secured Claim of Ron Andre:**

On the Effective Date, to the extent that relief from stay has not already been granted, the Debtor shall abandon its interest in, and the automatic stay will terminate as to the real property commonly known as Broadview Phase 11, Chelan County, Washington and more specifically identified as Chelan County Parcel No. 232032483050; Broadview Phase 9, Lot 17, Chelan County, Washington and more specifically identified as Chelan County Parcel No. 232032484170; and Broadview Phase 10, Chelan County, Washington and more specifically identified as Chelan County Parcel No. 232032483040 and the Class 6 Creditor

DEBTOR'S DISCLOSURE STATEMENT - 9

CROCKER LAW GROUP, PLLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894  F) 206-624-8598

www.crockerlaw.com

shall be allowed to pursue its state law remedies. Any deficiency claim shall be treated as a general unsecured claim.

The creditor is impaired under the Plan.

### Class 8: Allowed Secured Claim of Washington Trust Bank re: Crystal Beach and Deer Valley #1 Property.

The value of the Class 8 Creditor's collateral, for purposes of determining the Allowed Secured Claim pursuant to 11 U.S.C. § 506(d), shall be $464,906.00, based upon the combined assessed valuation of each of the parcels, less any senior secured debt, including real property taxes, based upon the current market valuation of said property. The difference between the Allowed Claim and the Allowed Secured Claim shall be treated as a general unsecured claim. The Allowed Secured Claim of the Class 8 Creditor shall be satisfied in full by a refinance of the Allowed Secured Claim on the Effective Date of the Plan.

The creditor is impaired under the Plan

### Class 9: Allowed Secured Claim of Harris Orchards Co., L.P.

The value of the Class 9 Creditor's collateral, for purposes of determining the Allowed Secured Claim pursuant to 11 U.S.C. § 506(d), shall be $819,270.00, based upon the combined assessed valuation of each of the parcels, less any senior secured debt, including real property taxes. The difference between the Allowed Claim and the Allowed Secured Claim shall be treated as a general unsecured claim. The Allowed Secured Claim of the Class 9 Creditor shall be satisfied in full by a refinance of the Allowed Secured Claim on the Effective Date of the Plan.

CROCKER LAW GROUP PLLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894  F) 206-624-8598

www.crockerlaw.com

The creditor is impaired under the Plan.

**Class 10:  Allowed Secured Claim of Roylance Coulee Partnership.**

The value of the Class 10 Creditor's collateral, for purposes of determining the Allowed Secured Claim pursuant to 11 U.S.C. § 506(d), shall be $0.00, based upon the combined assessed valuation of each of the parcels, less the senior secured debt due to Harris Orchards and real property taxes.  The difference between the Allowed Claim and the Allowed Secured Claim shall be treated as a general unsecured claim.  The Allowed Secured Claim of the Class 10 Creditor shall be satisfied in full by a refinance of the Allowed Secured Claim on the Effective Date of the Plan.

The creditor is impaired under the Plan.

**Class 11:  Allowed Secured Claim of Joe and Judy Bell.**

The value of the Class 11 Creditor's collateral, for purposes of determining the Allowed Secured Claim pursuant to 11 U.S.C. § 506(d), shall be $40,000.00, based upon the assessed valuation of each parcel, less any senior secured debt, including real property taxes.  The difference between the Allowed Claim and the Allowed Secured Claim shall be treated as a general unsecured claim.  The Allowed Secured Claim of the Class 11 Creditor shall be satisfied in full by a refinance of the Allowed Secured Claim on the Effective Date of the Plan.

The creditor is impaired under the Plan.

**Class 12:  Allowed Secured Claim of Greentree Financial.**

The value of the Class 12 Creditor's collateral, for purposes of determining the Allowed Secured Claim pursuant to 11 U.S.C. § 506(d), shall be $493,025.00, based upon the assessed

CROCKER LAW GROUP, PLLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894   F) 206-624-8598

www.crockerlaw.com

valuation of each parcel, less the senior secured debt of Wells Fargo and real property taxes. The difference between the Allowed Claim and the Allowed Secured Claim shall be treated as a general unsecured claim. The Allowed Secured Claim of the Class 12 Creditor shall be satisfied in full by a refinance of the Allowed Secured Claim on the Effective Date of the Plan.

The creditor is impaired under the Plan.

**Class 13:  Allowed Secured Claim of Estate of Larry Bell.**

The value of the Class 13 Creditor's collateral, for purposes of determining the Allowed Secured Claim pursuant to 11 U.S.C. § 506(d), shall be $71,300.00, based upon the assessed valuation of each parcel, less any senior secured debt, including real property taxes. The difference between the Allowed Claim and the Allowed Secured Claim shall be treated as a general unsecured claim. The Allowed Secured Claim of the Class 13 Creditor shall be satisfied in full by a refinance of the Allowed Secured Claim on the Effective Date of the Plan.

The creditor is impaired under the Plan.

**Class 14:  Allowed Secured Claim of Wells Fargo.**

The value of the Class 14 Creditor's collateral, for purposes of determining the Allowed Secured Claim pursuant to 11 U.S.C. § 506(d), shall be $493,025.00, based upon the assessed valuation of each parcel, less any senior secured debt, including real property taxes. The difference between the Allowed Claim and the Allowed Secured Claim shall be treated as a general unsecured claim. The Allowed Secured Claim of the Class 14 Creditor shall be satisfied in full by a refinance of the Allowed Secured Claim on the Effective Date of the Plan.

The creditor is impaired under the Plan.

CROCKER LAW GROUP, PLLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894  F) 206-624-8598

www.crockerlaw.com

**Class 15:  Allowed Secured Claim of Shurtz Holdings, Inc.**

On the Effective Date, the Debtor shall continue to offer for sale the Catalina Crest Subdivision Lots secured by Shurtz Holdings, Inc.  The sale proceeds shall be disbursed first to closing costs, then to Shurtz Holdings, Inc. until the Allowed Secured Claim is paid in full. Any deficiency claim shall be treated as a general unsecured claim.

The creditor is impaired by the Plan.

**Class 16:  Allowed Unsecured Claims.**

The Debtor shall obtain refinancing in an amount sufficient to complete development of the parcels identified in Classes 8 through 15.  The Debtor shall then sell the development lots in each developed parcels to the general public and utilize the unencumbered sale proceeds to pay allowed unsecured claims until either the allowed unsecured claims are paid in full or all of the development lots are sold, whichever occurs first.  The unencumbered proceeds of sale shall be paid into the Creditor Distribution Fund established in the Plan. The Distribution Agent shall make payments to holders of allowed unsecured claims on a quarterly basis commencing at the end of the first quarter of 2013.

**Class 17:  Allowed Holders of Equity Interests.**

Holders of Equity Interests shall retain their interests in the Debtor.   The Class17 Equity Interests rights shall be suspended and no distributions shall be made on account of any Class 17 Equity Interests until such time as the Class 1 through Class 16 Allowed Claims have been paid in full.

DEBTOR'S DISCLOSURE STATEMENT - 13

CROCKER LAW GROUP, PLLC
720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894  F) 206-624-8598
www.crockerlaw.com

## VI. EXECUTION OF THE PLAN

The Debtor shall have obtained, by the date of the confirmation hearing, a binding loan agreement in an amount sufficient to pay the Allowed Secured Claims of Classes 8 through 15 and an amount sufficient to complete development of the parcels identified in Classes 8 through 15 (or any combination thereof). Once the development is complete, the Debtor shall commence sales of the development lots, either individually, or in bulk. From the proceeds of sale, the debt of the refinancing lender shall be paid first until paid in full. Following repayment of debt of the refinancing lender, the unencumbered sale proceeds shall be used to pay holders of Allowed Unsecured Claims in Class 16. If any unencumbered funds remain after payment of Classes 8 through 16, then the proceeds shall be paid to the holders of Interests in Class 17.

## VII. EFFECTS OF CONFIRMATION AND MODIFICATION

Upon Confirmation and thereafter, the Reorganized Debtors shall perform or shall have performed all the acts required of them by the Code as Chapter 11 debtors.

The Reorganized Debtors shall make all payments and transfers required under this Plan. Unless otherwise ordered by the Court at the time of Confirmation, the Reorganized Debtors shall have authority to pay post-Confirmation operating expenses, professional fees, and other expenses incurred after Confirmation of this Plan without further Court order.

The Plan may be modified as set forth in Chapter 11 of the Code. Debtors reserve the right to modify the Plan before or following Confirmation.

DEBTOR'S DISCLOSURE STATEMENT - 14

CROCKER LAW GROUP PLLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894  F) 206-624-8598

www.crockerlaw.com

none

# VIII. LIQUIDATION ANALYSIS

A liquidation analysis is attached as Exhibit A. It shows the value of all non-exempt assets and the amount of distributions proposed to be made under the Plan. The Whites believe that creditors will receive a greater distribution under the proposed Chapter 11 Plan than creditors would receive under Chapter 7.

# IX. TAX CONSEQUENCES OF DEBTOR'S PLAN

The Plan will impact various Creditors differently, depending on the nature of their Claim, their taxpayer status, their accounting method, and other variables. Creditors should consult their own independent tax advisors regarding the tax impact of the Plan upon their individual circumstances. Debtors' attorneys give no advice to debtor or creditors concerning the tax consequences of an Order of Confirmation.

# X. CONFIRMATION OF PLAN

In the event the Plan is not accepted by Creditors, Debtors shall still request the Court to enter an Order of Confirmation. To obtain such an Order, Debtor must establish to the satisfaction of the Court that the Plan meets the requirements of the Code; that it does not discriminate unfairly; and is fair and equitable, with respect to each class of claims and interests that is impaired under, and has not accepted, the Plan.

# XI. SUBSTANTIAL CONSUMMATION

Substantial Consummation of the Plan shall be accomplished when each class of creditors has received all payments or transfer of property due within the first month of the Plan.

DEBTOR'S DISCLOSURE STATEMENT - 15

CROCKER LAW GROUP PLLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894  F) 206-624-8598

www.crockerlaw.com

## XII. DISCHARGE

Except as otherwise provided by the Plan, all claims against Debtors or the Estate that arose prior to Confirmation will be discharged on the Effective Date, despite whether the Claims accrued before or after the Petition Date. The discharge will be effective as to each Claim, regardless of whether a proof of claim was filed, whether the claim was allowed, or whether the holder(s) of the claim voted for or against the Plan. Except to the extent provided for by the Plan, the Estate will retain and may enforce any and all claims held against third parties, including claims for recovery of preferences.

## XII. CLOSURE OF CASE

Debtors' Plan contains a "substantial consummation" provision. Once a Plan is deemed substantially consummated, the case may be closed by the Court. Upon Debtor's application, a Final Decree will be entered closing the case, pursuant to 11 U.S.C. §1141(d)(5).

## XIV. CONCLUSION

The foregoing is a brief summary of the Plan of Reorganization and critical information concerning the Whites. This Disclosure Statement should not be relied upon for voting purposes. Creditors are urged to read the Plan in full. Creditors are further urged to

DEBTOR'S DISCLOSURE STATEMENT - 16

CROCKER LAW GROUP PLLC
720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894  F) 206-624-8598
www.crockerlaw.com

consult with counsel to fully understand the Plan.

DATED this 29th day of March 2011.

Respectfully submitted:

PREMIUM DEVELOPMENTS, LLC

By _Calvin G. White_

Calvin G. White
Its Managing Member

DEBTOR'S DISCLOSURE STATEMENT - 17

CROCKER LAW GROUP PLLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894  F) 206-624-8598

www.crockerlaw.com